IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RONALD A. NURSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-108 |
| | ) | |
| TAXSLAYER INC., a/k/a, | ) | |
| TAXSLAVER INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On October 17, 2016, Defendant hired Plaintiff, a "62-year-old, African American male," as a temporary seasonal employee. (Doc.

no. 1, p. 3.) White employees would "look at Black people as if they had two heads and they never seen [sic] Black people before." (Id.) Defendant "made Black people feel like they were ashamed to have them seen on their property and in the building." (Id.) Black people were the lowest paid employees in the company, and they were not allowed to park their cars "around and on" the company's parking lot, threatening to have their cars towed if they did. (Id.) Additionally, black employees did not receive their pay immediately following their first pay period but were paid a week later. (Id. at 3-4.)

On November 28, 2016, Jacob, a white employee, asked, "Are you beating our slave," while an unknown white employee "was violently trashing [sic] Plaintiff by viciously hitting him with some metal rod whips that were put together, over Plaintiff's head like he was mimicking the violent vicious beating of a slave." (Id. at 4.) The incident was recorded by security cameras. (Id.) Plaintiff reported the incident to human resources, but the employees could not be identified. (Id.) On November 30, 2016, Candy, a white supervisor, who complained about black women defecating on toilets, told Plaintiff not to sit next to her and to move. (Id.) White employees "make funny ominous faces when they past [sic] Black people." (Id.)

On December 2, 2016, Will Smith, a white supervisor, blocked Plaintiff's computer password and reprimanded Plaintiff in front of the staff for going to "other websites" after the company's computer system crashed, even though other employees had done the same thing. (Id.) As a result of the "extremely horrific ossified racism . . . Black employees were concerned and afraid [they] would be attacked" by white employees. (Id. at 5.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue notice on July 7, 2017, and Plaintiff timely filed this suit on August 31, 2017. (Doc. no. 1, pp. 7.)

**B.    DISCUSSION**

    **1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it

3

"offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Based on Age or Sex Discrimination.

Plaintiff does not establish a valid age or sex discrimination claim. While Plaintiff states he is 62 years old and male, he does not allege any facts indicating Defendant discriminated against him based on his age or sex. (Doc. no. 1, pp. 2-5.) Accordingly, Plaintiff fails to set forth any factual allegations "rais[ing] a right to relief above a speculative level." Twombly, 550 U.S. at 555. Thus, Plaintiff's claims based on age or sex discrimination fail to state a claim upon which relief can be granted and should be dismissed.

### 3. Plaintiff Fails to State a Claim Based on an Eighth Amendment Violation.

Plaintiff fails to state a claim based on a violation of his Eighth Amendment rights. Eighth Amendment protections do not apply in the context of employment discrimination. See Ingraham v. Wright, 430 U.S. 651, 664 (1977)) ("An examination of the history of the

4

[Eighth] Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes."). Plaintiff does not allege in his complaint he was subject to criminal proceedings or conviction. (See doc. no. 1.) Accordingly, Plaintiff has failed to allege a valid Eighth Amendment violation.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's age discrimination, sex discrimination, and Eighth Amendment claims be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's Title VII racial discrimination and retaliation claims against Defendant Taxslayer, Inc., to proceed.

SO REPORTED AND RECOMMENDED this 6th day of December, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA